UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-60016-CR-COHN/VALLE**
CASE NO._____

18 U.S.C. § 1951(a)
21 U.S.C. § 846
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(a)

FILED BY ____MP____ D.C.

**Jan 26, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

v.

**FRENEL CENAT,**

      **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Defendant **FRENEL CENAT ("CENAT")** was employed by the City of Miami Police Department ("MPD") as a Police Officer.

2. As a Police Officer with MPD, **FRENEL CENAT** was bound to follow the MPD Departmental Orders. The MPD Departmental Orders prohibited the unauthorized use or attempted use of an officer's official position for personal or financial gain, and they also prohibited the acceptance of bribes, money, or other valuables, while acting in the capacity of a police officer, either on or off duty. The MPD Departmental Orders also prohibited an officer from engaging in any act of extortion or unlawful means of obtaining money, a reward, or anything of value through the use of their official position.

3. In addition, as a Police Officer with MPD, **FRENEL CENAT** was required to uphold the laws of the State of Florida and the United States, and he was not permitted to allow, facilitate, or assist individuals in breaking those laws or otherwise engaging in criminal or illegal activity. **CENAT** also was not authorized to accept payments or things of value from individuals in exchange for allowing, facilitating, or assisting them in breaking state or federal laws, or otherwise engaging in criminal or illegal activity.

4. The Federal Bureau of Investigation ("FBI") was conducting an investigation during which a confidential human source ("CHS") and FBI special agents acting in undercover roles (including agents referred to herein as "UCE 1" and "UCE 2") were used to gather evidence of the criminal activity of **FRENEL CENAT** and others. This criminal activity included **CENAT's** use of his police position, authority, and MPD uniform, vehicle, firearm and other MPD-issued equipment, to conduct traffic stops of suspected drug and drug money couriers and take for his personal benefit their drugs and the proceeds of their drug transactions in exchange for not arresting them.

## COUNT 1
### Hobbs Act Extortion - Attempt
### (18 U.S.C. § 1951(a))

1. The General Allegations portion of this Information is incorporated by reference as though fully set forth herein.

2. From on or about October 16, 2023, and continuing through on or about November 16, 2023, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**FRENEL CENAT,**

did knowingly and unlawfully attempt to obstruct, delay, and affect commerce, as defined in Title 18, United States Code, Section 1951, by extortion, that is, by obtaining the property of another,

2

with his consent, under color of official right, to wit: the defendant, acting on information about supposed upcoming drug transactions provided to him by the CHS at the direction of law enforcement (1) used his MPD-issued official vehicle to stop a vehicle driven by UCE 1 and took from UCE 1 approximately $52,000 in U.S. currency that was represented to be the proceeds of a sale of illegal controlled substances in exchange for not arresting UCE 1 for conducting that supposed illegal drug transaction, thereafter providing a portion of that money to the CHS and keeping the rest for his own personal benefit; and, (2) used his MPD-issued official vehicle to stop a vehicle driven by UCE 2 and took from UCE 2 approximately $80,000 in U.S. currency that was represented to be the proceeds of a sale of illegal controlled substances and seven kilogram-shaped wrapped packages that were represented to be cocaine, in exchange for not arresting UCE 2 for the supposed illegal drug transactions UCE 2 was engaging in, thereafter intending to provide a share of the money and cocaine to the CHS and to keep the rest for his personal benefit.

In violation of Title 18, United States Code, Section 1951(a).

### COUNT 2
**Attempt to Possess With Intent to Distribute Cocaine**
**(21 U.S.C. § 846)**

On or about November 16, 2023, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**FRENEL CENAT,**

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii)(II), it is further alleged that this violation involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine.

3

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **FRENEL CENAT**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1951, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 21, United States Code, Section 846, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to Title 21, United States Code, Section 853(a).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 853, and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
EDWARD N. STAMM
ASSISTANT UNITED STATES ATTORNEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

v.

FRENEL CENAT,

_____/
                 Defendant.

**Court Division** (select one)
   ☐ Miami   ☐ Key West   ☐ FTP
   ☒ FTL     ☐ WPB

**CASE NO.:** _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV ☐ 21 to 60 days
   V  ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 23-06566-mj-STRAUSS
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Edward N. Stamm
Assistant United States Attorney
FL Bar No.    373826

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  FRENEL CENAT

**Case No**:

Count #: 1

Attempted Hobbs Act extortion

18 U.S.C. § 1951(a)
* **Max. Term of Imprisonment: 20 years imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100**

Count #: 2

Attempt to possess with intent to distribute cocaine

21 U.S.C. § 846
* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $10,000,000**
* **Special Assessment: $100**

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

***Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| FRENEL CENAT, | ) **24-60016-CR-COHN/VALLE** |
|  | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Howard Schumacher, Esq.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*